

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 27, 1958

Hon. William E. Clayton
District Attorney
34th Judicial District
El Paso, Texas

Opinion No. WW-398

Re: Penal provisions punish-
ing directors of a Water
Control and Improvement
District, and related
questions.

Dear Mr. Clayton:

This is in response to your request for an opinion re-
garding penalties, if any, applicable to directors of a Water
Control and Improvement District for becoming interested in
the District's contracts for construction, improvements, etc.

In your letter you state:

"The original formation of this District
occurred upon application to the State Board
of Water Engineers for hearing on such matter
under date of February 14, 1941. The name
of the proposed District was to be 'El Paso
County Water Control and Improvement District
Number One.' The Petition set out that the
District was to be formed pursuant to Article
7880-1 to 7880-14, inclusive, Revised Civil
Statutes of 1925, and all amendments thereto.
After due hearing the petition for the organiza-
tion of this District was granted and said
District was created and established as prayed
for in said petition on March 17, 1941.

"The only change in the formation of this
District of which I can learn is an amendment
to Article 7880-16, passed by the 55th Legis-
lature, page 77, Chapter 36, Section 1, . . .

"Immediately after the passage of this
amendment this District adopted the name 'El
Paso Valley Water District.'"

You have asked the following questions:

"1. Is there a penal provision punishing directors of a Water Control and Improvement District for becoming interested in the District's contracts for construction, improvements, etc.?

"2. Is there any penal statute relative to corporations or quasi municipal corporations which would be applicable to the subject in a Water Control and Improvement District?

"3. Has this District followed the provisions of Article 7880-16, R.C.S., in adopting the name of 'El Paso Valley Water District' and if so, does this change in name effect any penal provisions in present enactment on this subject?"

Section 52 of Article 3 of the Constitution of Texas, reads in part as follows:

". . . any defined district now or hereafter to be described and defined within the State of Texas, . . . may issue bonds or otherwise lend its credit . . . for the following purposes to wit:

"(a) The improvement of rivers, creeks, and streams to prevent overflows, and to permit navigation thereof, or irrigation thereof, or in aid of such purposes.

"(b) The construction and maintenance of pools, lakes, reservoirs, dams, canals and waterways for the purposes of irrigation, drainage or navigation.

". . ."

Section 59 of Article 16 of the Constitution of Texas reads in part as follows:

"(b) There may be created within the State of Texas, or the State may be divided into, such number of conservation and reclamation districts as may be determined to be essential to the accomplishment of the purposes of this amendment to the constitution, which districts

> shall be governmental agencies and bodies
> politic and corporate with such powers of
> government and with the authority to exercise
> such rights, privileges and functions con-
> cerning the subject matter of this amendment
> as may be conferred by law."

Under these constitutional authorities many types of
districts pertaining to water have been created, such as:
Water Improvement Districts (Chapter 2, Title 128, V.A.C.S.);
Water Control and Preservation Districts (Chapter 3, Title
128, V.A.C.S.); Water Control and Improvement Districts
(Chapter 3A, Title 128, V.A.C.S.); Fresh Water Supply Dis-
tricts, (Chapter 4, Title 128, V.A.C.S.); Levee Improvement
Districts (Chapter 6, Title 128, V.A.C.S.); etc.

Water Improvement Districts were authorized by the 35th
Legislature, Acts 1917, Chapter 87, p. 172. Section 22 of
this Act was printed twice in the statutes, once as Article
7654 in the Civil Statutes, and again as Article 379 in the
Penal Code. Section 22 is applicable to directors of such
districts and provided for a maximum fine of $1,000, or from
six months to one year in jail, or both. When the statutes
were codified in 1925, the civil statute (Article 7654, R.C.S.)
was reenacted in its original form, but the criminal statute
became Article 377, P.C., and reduced the maximum fine to $100.

Water Control and Preservation Districts were authorized
by the 35th Legislature, Acts 1918, 4th Called Session, Chapter
43, p. 74. Section 48 of this Act contained the penal pro-
visions applicable to directors of such districts, created a
felony, and set the punishment at confinement in the penitentiary
for not less than one year nor more than five years. In the
1925 codification this section became Article 379, P.C.

Water Control and Improvement Districts were authorized
by the 39th Legislature, Acts 1925, Chapter 25, p. 86. This
Act, which is now incorporated in Vernon's Annotated Civil
Statutes as Articles 7880-1, et seq., contains no penal pro-
visions similar to the ones quoted above for the other types
of districts, and there was none in the 1925 codification.
No penal statute applicable to directors of Water Control and
Improvement Districts has been enacted since that time; hence,
no article is found in the Penal Code covering the directors
of such districts.

Article 373, V.A.P.C., makes it a misdemeanor for any
officer of any county, or of any city or town, to become
pecuniarily interested in any contract made by such county, city

or town, but directors of a Water Control and Improvement District are not mentioned.

In Attorney General's Opinion No. 1589 (1939) it was held that a trustee of an independent school district could not be prosecuted under Article 373, V.A.P.C. for the reason that even if such trustee could be considered an officer of a county, the sale of gasoline to an independent school district is not a sale to a county, city or town. Under the same reasoning, being interested in a contract with a Water Control and Improvement District is not the same as being interested in a contract with a county, city or town.

In 34 Tex. Jur. p. 479, the following statement is found:

"No officer, any more than a private individual, may be punished for any act or omission as a penal offense unless the same is expressly defined and the penalty affixed by the written law."

We are unable to find any penal statute relative to corporations or quasi municipal corporations which would be applicable to the directors of a Water Control and Improvement District being interested in the District's contracts for construction, improvements, etc.

In answer to your questions, we advise as follows:

1. There is no penal provision punishing directors of a Water Control and Improvement District for becoming interested in the District's contracts for construction, improvements, etc.

2. There is no penal statute relative to corporations or quasi municipal corporations which punish directors of a Water Control and Improvement District for becoming interested in the District's contracts for construction, improvements, etc.

3. In view of our disposition of Questions 1 and 2, it is not necessary to answer Question 3.

### S U M M A R Y

There is no statute in the Penal Code punishing a director of a Water Control and Improvement

District for becoming interested in such District's contracts for construction, improvements, etc.; and there is no statute in the Penal Code relative to corporations or quasi municipal corporations under which a director of a Water Control and Improvement District can be punished for becoming interested in such District's contracts for construction, improvements, etc.

Yours very truly

WILL WILSON
Attorney General of Texas

By Riley Eugene Fletcher
   Riley Eugene Fletcher
   Assistant

REF/fb

APPROVED:

OPINION COMMITTEE:

George P. Blackburn, Chairman

Wallace Finfrock

Morgan Nesbitt

Richard B. Stone

REVIEWED FOR THE ATTORNEY GENERAL

By  W. V. GEPPERT